CLD-300                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2288
_____

IN RE: WILLIAM ROHLAND,
                                                       Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 1-17-cv-00333)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 6, 2017

Before: SHWARTZ, RENDELL and FISHER, Circuit Judges

(Opinion filed: July 13, 2017)
_____

OPINION[*]
_____

PER CURIAM

William Rohland, proceeding pro se, petitions for a writ of mandamus in

connection with his habeas petition that is pending before the United States District Court

for the Middle District of Pennsylvania. For the reasons that follow, we will deny the

petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Rohland is a Pennsylvania state prisoner who is serving life in prison for murder. In February 2017, he filed a pro se habeas petition in the District Court, appearing to challenge a protection-from-abuse order issued against him by a state court judge. Over the next few months, Rohland submitted numerous filings in his habeas case, including one titled "'Rule 600' Prompt Trial" (filed in March 2017), another titled "'Extraordinary' Relief" (filed in April 2017), and a third titled "'Demand' Immediate Emergency Bail and Bail Hearing" (filed in May 2017). Those three filings, and his habeas case generally, remain pending before the District Court. Rohland has now filed this mandamus petition, asking us to direct the District Court to rule on those three filings.

II.

A district court generally has discretion over the management of its docket. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Although a writ of mandamus may issue when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), those circumstances are not present in this case, for the three District Court filings at issue here have been pending for only a few months. Cf. id. (concluding that mandamus relief was not warranted in habeas case where the petitioner's most recent filing had been pending before the district court for about eight months). Furthermore, Rohland has not otherwise demonstrated that mandamus relief is warranted here. See In re Diet Drugs Prods. Liab.

2

Litig., 418 F.3d 372, 378 (3d Cir. 2005) (indicating that a writ of mandamus is a drastic remedy that is available in extraordinary circumstances only); see also Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (explaining that, to obtain the writ, a petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances") (alteration in original) (internal quotation marks omitted).  Accordingly, we will deny Rohland's mandamus petition.[1]  To the extent that he also asks us to (a) grant him "[i]mmediate [r]elease or [p]rotection," and (b) issue a restraining order against all Pennsylvania Department of Corrections employees, those requests are denied.

---

[1] We trust that the District Court will rule on Rohland's filings in due course.

3